**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK ALEX KINKEAD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 09-CV-247-JHP-PJC |
| | ) |
| JANE STANDIFIRD, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Mark Alex Kinkead, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 8), and provided the state court record necessary for resolution of Petitioner's claims (id.). Petitioner filed a reply (Dkt. # 9). Also before the Court are Petitioner's fourth and fifth motions "to supplement the record" (Dkt. #s 21 and 22), Petitioner's motion to stay (Dkt. # 23), and Petitioner's motion to withdraw the motion to stay (Dkt. # 28). For the reasons discussed below, the Court finds the pending motions "to supplement the record" shall be adjudicated as motions to amend and shall be denied. The petition for writ of habeas corpus shall be denied.

As a preliminary matter, the Court finds Petitioner's motion to withdraw the motion to stay shall be granted. Petitioner's motion to stay shall be withdrawn.

*BACKGROUND*

On August 14, 2003, in Ottawa County District Court, Case No. CF-2003-41, Petitioner was convicted on his plea of guilty of Lewd Acts Against a Child, After Former Conviction of a Felony. He received a five year deferred sentence. Petitioner did not file a motion to withdraw his guilty plea and did not perfect a certiorari appeal from his original conviction and sentence. On June 8, 2006,

the State filed a motion to accelerate Petitioner's deferred sentence. On January 4, 2007, his deferred sentence was accelerated to life imprisonment, with all but the first ten (10) years suspended.

Petitioner appealed the acceleration of his deferred judgment and sentencing to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Kimberly Heinze, he raised the following propositions of error:

> Proposition 1: Acceleration of Mr. Kinkead's deferred sentence to life imprisonment, suspended except for the first 10 years, is void and must be set aside; or favorably modified, because it exceeds the court's statutory sentencing authority for the crime charged.
>
> Proposition 2: Because Mr. Kinkead was not entitled, by law, to receive a deferred sentence for the charged offense, the case should be remanded for further proceedings or modified to remove the illegal portion of the sentence pursuant to Bumpus v. State.
>
> Proposition 3: Acceleration of appellant's deferred sentence, based on misleading and false testimony, from someone who was never his probation officer, violated his right to confrontation and requires reversal or favorable modification.
>
> Proposition 4: The State produced insufficient evidence to prove by a preponderance of the evidence that Mr. Kinkead committed the alleged new crime(s).
>
> Proposition 5: Insufficient proof of a willful probation violation, for which an adequate punishment had not [sic] already been imposed, placed Mr. Kinkead in jeopardy and punished him twice for the same conduct.
>
> Proposition 6: Mr. Kinkead was incompetent to be prosecuted and sentenced at the acceleration hearing.
>
> Proposition 7: The acceleration of Mr. Kinkead's deferred sentence was excessive under the facts of this case.
>
> Proposition 8: Cumulative errors deprived Mr. Kinkead of a fair proceeding and a reliable verdict and sentence.

See Dkt. # 8, Ex. 1. In an unpublished summary opinion filed September 23, 2008, in Case No. F-2007-14 (Dkt. # 8, Ex. 3), the OCCA rejected each claim and affirmed the state district court's order accelerating Petitioner's deferred sentence.

On November 20, 2008, Petitioner filed a *pro se* application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 4 at 4. That application was denied by order filed December 5, 2008. Id. Petitioner appealed. In his post-conviction petition in error, Petitioner identified three (3) propositions of error, as follows:

> Proposition 1: Trial court lacked jurisdiction to prosecute and sentence the defendant due to statute of limitations bar to prosecution.
>
> Proposition 2: Appellant was never sentenced to the 85% Rule which he is currently serving.
>
> Proposition 3: Res judicata ruling by district court denies Appellant's due process rights guaranteed by U.S. Const., V, XIV, and Oklahoma Const. Art. 2 § 7.

(Dkt. # 8, Ex. 4). By order entered March 25, 2009, in Case No. PC-2008-1248, see Dkt. # 8, Ex. 5, the OCCA affirmed the state district court's denial of post-conviction relief.

On April 28, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies three (3) grounds for relief, as follows:

> Ground 1: State court lacked jurisdiction to prosecute because the statue of limitations had run. Court was without jurisdiction to proceed in any criminal action.
>
> Ground 2: Petitioner was not sentenced to serve under an 85% Rule sentencing scheme which DOC is administering and Petitioner is serving without receiving earned credits.
>
> Ground 3: Appellant successfully served a two-year deferred sentence, for the same charge he is currently serving, under the supervision of the Oklahoma Dept. of Corrections and was properly discharged without sanction.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are either not cognizable in this action, without merit, or procedurally barred. See Dkt. # 8. Petitioner filed a reply (Dkt. # 9). After filing his reply, Petitioner filed two (2) motions to "supplement the record" (Dkt. #s 13, 14). By Order filed March 1, 2011 (Dkt. # 15), the Court granted the motions to supplement, finding that in the first motion, Petitioner requested that he be allowed to supplement ground 1 of his petition with additional argument and authority and that in the second motion, Petitioner requested that he be allowed to supplement ground 2 of his petition with additional argument and authority. Petitioner then filed a third "motion to supplement the record" (Dkt. # 17). By Order filed June 3, 2011 (Dkt. # 19), the Court denied the third motion, finding that Petitioner sought leave to supplement a claim first raised in the reply. Petitioner was specifically advised that a claim first raised in a reply is not properly before the Court and that unless he requested and was granted leave to amend his petition, the claim would not be considered. See Dkt. # 19. Petitioner never requested leave to amend his petition. As discussed below, however, he proceeded to file two more "motions to supplement the record" (Dkt. #s 21 and 22).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b),(c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the petition and the state cour

t record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Fourth and fifth motions "to supplement the record"**

On December 8, 2011, Petitioner filed his fourth "motion to supplement the record" (Dkt. # 21). Four days later, on December 12, 2011, Petitioner filed his fifth "motion to supplement the record" (Dkt. # 22). Respondent has not objected or otherwise responded to these motions. However, the Court finds the motions shall be denied.

In both of his motions "to supplement the record," Petitioner seeks leave to add completely new claims to this case. In his fourth motion, Petitioner identifies a new proposition of error, as follows:

> Proposition: Petitioner argues that the applicable OSORA registry rules at the time of the of [sic] his alleged crime (1995) would not have required registration with OSORA; his name was/is erroneously on the OSORA registry when his deferred sentence was accelerated for violating rules, terms and conditions of OSORA.

(Dkt. # 21 at 4). In that proposition of error, Petitioner challenges both the fact that he was required to register under the Oklahoma Sex Offender Registration Act (OSORA) and the validity of the state district court's decision to accelerate his deferred sentence to a sentence of life imprisonment with all but the first ten (10) years suspended. That claim is new and does not "supplement" any claim raised in the original petition. Similarly, In his fifth motion, Petitioner identifies another new proposition of error, as follows:

> Proposition: Petitioner's 1994 felony DUI conviction used for enhancement was more than ten (10) years before Petitioner's January 4, 2007 conviction therefore could not be used for enhancement.

(Dkt. # 22 at 3). That proposition challenges the validity of the accelerated sentence entered January 4, 2007, and does not "supplement" any claim raised in the original petition. Because Petitioner

5

seeks leave to add new claims to this action, the fourth and fifth motions "to supplement the record" shall be adjudicated as motions to amend the petition for writ of habeas corpus.

Consideration of Petitioner's motions to amend his petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). The Court finds that the grounds of error identified in the motions to amend are new claims that do not relate back to the original petition. See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition.[1] His requests to amend, however, were not filed until more than two (2) years after filing

---

[1] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on December 23, 2008, after the 90 day period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Prior to that date, on November 20, 2008, Petitioner filed his application for post-conviction relief. Because the one-year period was tolled during the pendency of post-conviction proceedings, see 28 U.S.C. § 2244(d)(2), Petitioner's one year limitations period began to run on March 26, 2009, the day after the OCCA affirmed the denial of post-conviction relief and his deadline for filing a timely petition for writ of habeas corpus was March 26, 2010. See Harris v. Dinwiddie, 642 F.3d

the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow amendment in this case by adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal

---

902, 907 n.6 (10th Cir. 2011); United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The original petition in this case was filed April 28, 2009, or well before the deadline. However, the deadline passed before Petitioner filed the motions to amend seeking to add new claims. The Court recognizes that Petitioner sought collateral relief in the state courts by filing several petitions for writ of habeas corpus and for mandamus relief. If those petitions were "properly filed" during the limitations period, they would toll the limitations period. 28 U.S.C. § 2244(d)(2). However, the records for Petitioner's cases, as viewed at www.oscn.net and www.odcr.com, demonstrate that the petitions were filed either before the one-year period began to run or after it had already expired. Significantly, the docket sheet for Ottawa County District Court, Case No. CF-2003-41, reflects a gap of more than one (1) year between the filing of the OCCA's mandate at the conclusion of the post-conviction appeal on March 30, 2009, and the filing of a "brief in support" on September 27, 2010. In a motion filed January 21, 2011, in Case No. CF-2003-41, see Dkt. # 16, Ex. G, Petitioner refers to a motion filed September 21, 2010, also more than a year after the conclusion of the post-conviction appeal. Petitioner's first habeas corpus proceeding was filed in Okfuskee County District Court on January 14, 2009, and concluded on March 13, 2009, when the OCCA dismissed the appeal. See www.oscn.net, records for Okfuskee County District Court, Case No. CS-2009-02 and OCCA Case No. HC-2009-167. That proceeding concluded before the one year limitations period began to run on March 26, 2009. Petitioner's remaining state court proceedings were all commenced after the deadline of March 26, 2010. See id., records for Okfuskee County District Court, Case No. CS-2010-32 and OCCA Case No. HC-2010-537; OCCA Case No. MA-2011-111; OCCA Case No. HC-2011-113; Okla. Supreme Court Case No. MA-109410; OCCA Case No. HC-2011-878; OCCA Case No. HC-2011-931; OCCA Case No. HC-2011-990; Okla. Supreme Court Case No. HC-110211; Okla. Supreme Court Case No. O-110430. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, none of those later actions serves to toll the limitations period.

habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), nothing in the record suggests that Petitioner is entitled to equitable tolling. Although equitable tolling may be appropriate where a prisoner is actually innocent, id., Petitioner does not claim to be actually innocent.

Furthermore, Petitioner did not exercise diligence in pursuing the new claims identified in the motions to amend. According to the docket sheet for Ottawa County District Court, Case No. CF-2003-41, see www.oscn.net, after the OCCA affirmed the denial of post-conviction relief on March 25, 2009, Petitioner did not begin to exhaust state remedies for the new claim raised in the fifth motion to "supplement the record" until January 21, 2011, or at the earliest, on September 21, 2010, or after expiration of the limitations period.[2] Petitioner offers no explanation for his lack of diligence. The Court notes that a lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. As a result, Petitioner is not entitled to equitable tolling and the new claims identified in the pending motions to "supplement the record" are time-barred. Therefore, those motions to "supplement the record" shall be denied. The Court will consider only the claims identified in the petition (Dkt. # 1).

---

[2]   It is not clear from the record before the Court whether Petitioner has presented the claim identified in the fourth motion to "supplement the record" to the state courts.

**C. Claim that criminal prosecution was barred by statute of limitations (ground 1)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As his first proposition of error, Petitioner claims that the state district court lacked authority to prosecute and sentence him because the statue of limitations expired before the prosecution was commenced. See Dkt. # 1. In support of this claim, Petitioner attaches a copy of the Judgment and Sentence, entered January 5, 2007, upon acceleration of Petitioner's deferred sentence, stating that the crime charged in Count 1 was "committed on or about the 9th day of June, 1995." See Dkt. # 1, Ex. B. On post-conviction appeal, the OCCA rejected this claim, finding as follows:

> Petitioner claims his Judgment and Sentence lists the date of his crime as being on or about June 9, 1995. He contends that the prosecution of this case was not

9

>commenced within the five year statute of limitations because the Information was not filed until February 7, 2003. However, Petitioner's Information charged that his crime was committed on or between the dates of June 9, 1995, and July 2, 1998. Thus, Petitioner's Information alleged criminal conduct that fell within the statute of limitations. 22 O.S.Supp.1995, § 152; *see United States v. Stoner*, 98 F.3d 527, 533-34 (10th Cir. 1996) (an indictment containing allegations of criminal conduct that occurred within the statue of limitations period is not subject to dismissal). Petitioner entered a plea of guilty to the charges alleged in his Information and never sought to withdraw that plea. He has not established that his first proposition has merit.

(Dkt. # 8, Ex. 5 (footnote omitted)).

In response to the petition, Respondent asserts that this claim concerns a matter of state law and is not cognizable in this habeas corpus proceeding. The Court agrees. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Richmond v. Embry, 122 F.3d 866, 870 (10th Cir. 1997). The OCCA's analysis concerned whether Petitioner's prosecution complied with Okla. Stat. tit. 22, § 152(A) (1994) (providing that "the crime of lewd or indecent proposals or acts against children . . . shall be commenced within five (5) years after the discovery of the crime"). Thus, the basis of the state court's opinion was state law. Therefore, to the extent Petitioner asserts that he was prosecuted in violation of state law because the statute of limitations applicable to the crime charged in the Information had expired, his claim is not cognizable in this federal habeas corpus proceeding.

Furthermore, Petitioner has made no attempt to establish that the OCCA's adjudication of this claim was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The information filed in Petitioner's criminal case is not part of the record before this Court. However, Petitioner has failed

to provide clear and convincing evidence demonstrating that the OCCA incorrectly stated that the Information filed in Ottawa County District Court, Case No. CF-2003-41, alleged Petitioner's crime was committed on or between the dates of June 9, 1995, and July 2, 1998.[3] Therefore, Petitioner has failed to rebut the OCCA's statement of fact and it is presumed correct. See 28 U.S.C. § 2254(e)(1). Thus, Petitioner failed to demonstrate that his criminal proceeding was not commenced within five years after the discovery of the crime. As a result, the Court finds he has failed to establish entitlement to federal habeas corpus relief.

### D. Claim based on DOC's purported application of the 85% Rule

As his second ground of error, Petitioner complains that Department of Corrections officials are administering his sentence in violation of the Constitution. Specifically, he claims that Oklahoma's 85% Rule[4] is being unconstitutionally applied to deprive him of earned credits. Petitioner raised this claim on post-conviction appeal. The OCCA determined that "in this proceeding, Petitioner has not established that the Oklahoma Department of Corrections ("DOC")

---

[3] Petitioner has provided a copy of the probable cause affidavit, filed February 7, 2003, in Ottawa County District Court, Case No. CF-2003-41, stating that the crime occurred between June 9, 1995, and July 2, 1998. See Dkt. # 14, Ex. M; Dkt. # 16, Ex. B; Dkt. # 17, Ex. M. Those dates mirror the dates identified by the OCCA in its order affirming the denial of post-conviction relief (Dkt. # 8, Ex. 5).

[4] Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

is actually applying the 85% rule to his sentence. Petitioner has available the writ of prohibition to prevent the DOC from applying the 85% rule to his sentence in this case." <u>See</u> Dkt. # 8, Ex. 5.

In response to the petition (Dkt. # 8), Respondent first argues that this claim is unexhausted since Petitioner has not used the appropriate state procedure, a petition for a writ of prohibition, to obtain the relief he seeks. However, Respondent also argues that because the claim lacks merit, this Court should deny relief on the merits.

Clearly, Petitioner presented this claim to the OCCA on post-conviction appeal. The state appellate court denied relief, first determining that Petitioner had failed to establish that DOC officials were in fact applying the 85% Rule in administering his sentence, but also advising Petitioner that the appropriate procedure for obtaining relief would be to file a petition for writ of prohibition. Nothing in the record suggests that Petitioner took the advice of the OCCA and filed a petition for writ of prohibition before he filed his federal petition. In his reply (Dkt. # 9), Petitioner avers that he "presented this argument for one entire cycle through the appeal process and petitioned for a writ of habeas corpus to both Okfuskee County and the State." <u>See</u> Dkt. # 9 at 12. However, the exhibits in support of the reply, consisting of incomplete copies of briefs and orders by the state courts, do not reflect that Petitioner raised the claim identified in ground two of this action in his Okfuskee County action, Case No. CS-2009-02.[5] Nonetheless, rather than considering the procedural posture of this claim, the Court finds that in the interest of judicial economy, the denial

---

[5]  The Court notes that as part of his second motion to supplement the record, filed September 24, 2010 (Dkt. # 14), Petitioner attaches a "petition for writ of habeas corpus and/or mandamus pursuant to 12 O.S. §§ 1331, 1451," captioned in the District Court of Okfuskee County. <u>See</u> Dkt. # 14, Ex. H. In that petition, Petitioner argues that he is "being denied earned credits because his sentence is subject to the 85% mandate." Petitioner filed that petition on April 22, 2010, in Okfuskee County District Court, Case No. CS-2010-32.

of relief on this claim "may be more easily and succinctly affirmed on the merits." Miller v. Mullin, 354 F.3d 1288, 1297 (10th Cir. 2004) (quoting Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000)).

Respondent has provided the Affidavit of Jim Rabon, Administrator, Sentence Administration and Offender Records for the DOC. See Dkt. # 8, Ex. 6. Mr. Rabon acknowledges that Petitioner committed his crime, Lewd Acts With a Child, prior to the March 1, 2000, effective date of the 85% Rule. For that reason, Mr. Rabon states that Petitioner's "sentence is not subjective [sic] to the 85% rule." Id. at ¶ 3. However, Mr. Rabon also explains that Petitioner is in custody serving a sentence of life imprisonment. Id. at ¶ 1. Oklahoma law provides that "[n]o deductions shall be credited to any inmate serving a sentence of life imprisonment; however, a complete record of the inmate's participation in work, school, vocational training, or other approved program shall be maintained by the department for consideration by the paroling authority." Okla. Stat. tit. 57, § 138(A). Based on Oklahoma law, Mr. Rabon concludes that Petitioner must serve the non-suspended portion of his life sentence "day for day." See Dkt. # 8, Ex. 6 at ¶ 1.

In reply (Dkt. # 9), Petitioner responds and asserts three challenges to his sentence. First, he attempts to challenge his original deferred sentence, claiming it was void. Next, he argues that his accelerated sentence was improperly enhanced with a 1994 felony conviction. Finally, he argues that he is "serving a 10-year sentence, not 10 years of a life sentence." See Dkt. # 9 at 15. Of those three challenges, only the third is relevant to the issue of whether Petitioner's sentence is being administered pursuant to the 85% Rule in violation of the constitution. The Court will not consider Petitioner's first two arguments because they are separate claims and were first raised in his reply. See United States v. Jenkins, 904 F.2d 549, 554 n.3 (10th Cir. 1990). Upon consideration of

Petitioner's third argument, the Court finds it to be without merit. Although all but the first ten (10) years of his life sentence are deferred, that does not change the fact that Petitioner's sentence is life imprisonment. Therefore, he is not entitled to receive sentence credits, not because Oklahoma's 85% Rule is being applied, but because he is serving a life sentence. Okla. Stat. tit. 57, § 138. The Court finds Petitioner is not entitled to habeas relief on ground 2.

**E. Procedural bar**

As his third ground of error, Petitioner alleges that because he successfully served a two-year deferred sentence for the same charge he is currently serving, under the supervision of the Oklahoma Department of Corrections and was properly discharged without sanction, his current imprisonment constitutes a double jeopardy violation. He believes he should receive sentence credits for the time he served the original deferred sentence. This specific double jeopardy claim was first raised by Petitioner in his application for post-conviction relief and on post-conviction appeal.[6] Citing Okla. Stat. tit. 22, § 1086 (2001) and Webb v. State, 661 P.2d 904 (Okla. Crim. App. 1983), the OCCA determined that Petitioner had waived this claim by failing to raise it in his direct appeal proceeding and, for that reason, imposed a procedural bar on the claim. See Dkt. # 8, Ex. 5.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on

---

[6]   Petitioner avers that he raised this claim on both direct and post-conviction appeal. However, the record provided by Respondent reflects that a different double jeopardy claim was raised on direct appeal. Specifically, Petitioner argued on direct appeal that the acceleration of his deferred sentence based on violations which were previously punished by his probation officer subjected Petitioner to double jeopardy and double punishment. See Dkt. # 8, Ex. 1 at 36-39. In contrast, Petitioner now claims as his third ground of error that the failure to credit his accelerated sentence with time spent serving his original deferred sentence under supervision of the DOC violates double jeopardy. See Dkt. # 1 at 10-11.

independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted).

The OCCA's procedural bar was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In general, the OCCA's reliance on Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised on direct appeal is independent and adequate to preclude federal habeas review. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). Therefore, federal habeas corpus review of Petitioner's ground three is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claim is not considered. Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that

he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner makes no showing of either "cause and prejudice" or "a fundamental miscarriage of justice." See Dkt. # 1. In his reply (Dkt. # 9), Petitioner failed to address the applicability of a procedural bar to his third ground of error. As a result, the Court finds Petitioner has failed to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" sufficient to overcome the procedural bar. Petitioner's double jeopardy claim as raised in ground three of the petition for writ of habeas corpus shall be denied as procedurally barred.

**F. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 938. As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to withdraw (Dkt. # 28) is **granted**.

2. Petitioner's motion to stay (Dkt. # 23) is **withdrawn**.

3. Petitioner's fourth motion to supplement the record (Dkt. # 21) is **denied**.

4. Petitioner's fifth motion to supplement the record (Dkt. # 22) is **denied**.

5. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

6. A separate judgment in favor of Respondent shall be entered in this matter.

7. A certificate of appealability is **denied**.

DATED this 23rd day of July 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma

17